CHICAGO GREAT WESTERN RAILROAD COMPANY, Appellee, v.
DES MOINES WESTERN RAILWAY COMPANY, Appellant.

DES MOINES WESTERN RAILWAY COMPANY, Appellee, v.
CHICAGO GREAT WESTERN RAILROAD
COMPANY, Appellant.

**RAILROADS:** Junior Company Crossing Track of Senior Company.
1 Whether a junior railway has an absolute right under Sec. 2020, Code, 1897, to cross the tracks of a senior railway or whether resort must be had to condemnation proceedings, *quaere*.

**RAILROADS:** Dismissal of Condemnation Proceedings. The dismis-
2 sal of condemnation proceedings instituted by a junior railway company in its effort to cross the tracks of a senior company does not foreclose the junior company's right to such crossing, when the senior company concedes the existence of such right *without* condemnation proceedings. (See Sec. 2020, Code, 1897.)

**RAILROADS:** Interlocking Crossings. The appointment of a com-
3 missioner and a due report by him are a condition precedent to the determination of the necessity for interlocking crossings. (Sec. 2061, Code, 1897.)

**RAILROADS:** Interlocking Crossings—Adjudication. In condemna-
4 tion proceedings by a junior railway company to secure a crossing over the tracks of a senior company, an abortive effort of the senior company to secure an order that said crossing be interlocked by the junior company is no impediment to subsequent proceedings by the senior company to secure such order under Sec. 2061, Code, 1897.

*Appeal from Polk District Court.*—THOS. J. GUTHRIE, Judge.

DECEMBER 14, 1918.

REHEARING DENIED MAY 21, 1919.

The Chicago Great Western Railway Company appealed to the district court of Polk County "from the condemnation proceedings, from the award, and from the assessment of damages" of a sheriff's jury in proceedings instituted by the Des Moines Western Railway Company to condemn a right of way across the tracks and right of way of the Great Western Company at a point in the city of Des Moines. Before trial, the Great Western Company filed numerous objections to the regularity and validity of the condemnation proceedings, among which was the alleged unwillingness of the Des Moines Company to interlock the crossing, or to comply with the provisions of Section 2063 of the Code with respect thereto. While the above appeal was pending, and before trial thereof, the Des Moines Company instituted a suit in equity against the Great Western Company for that purpose, and obtained a temporary injunction restraining it from carrying out alleged threats to tear up and remove the crossing which plaintiff had, in the meantime, constructed over its tracks and right of way. The Great Western Company filed answer and cross-petition in the equity case, praying, together with other relief, that plaintiff be required to interlock the crossing at its own expense, and that the court prescribe the terms upon which the crossing should be thereafter maintained. Plaintiff demurred to the cross-petition, and also filed answer; but, by stipulation of the parties, the filing of the answer was to be without prejudice to a ruling on the demurrer. The stipulation further provided that a jury should be waived in the law case, and for the trial of the two cases together to the court, and for the allowance of $200 damages in the event the Des Moines Company prevailed in the condemnation proceedings. The demurrer to defendant's cross-petition in the equity case was sustained, and the petition dismissed upon its merits. The temporary injunction was dissolved, and plaintiff's petition was also dismissed.

The Des Moines Company appeals from the judgment and order of the court annulling and canceling the condemnation proceedings, and the Great Western Company from the ruling of the court upon the demurrer to its cross-petition and judgment dismissing the same upon its merits. —*Affirmed.*

*Parker, Parrish & Miller,* for appellant.

*Carr, Carr & Evans,* for appellee.

STEVENS, J.—The appeal from the award of the sheriff's jury in the condemnation proceedings was tried in the court below upon the theory that the court had jurisdiction to pass upon and determine the right of the condemnor to a right of way for the crossing in controversy. Counsel for appellant, however, in oral argument practically concedes that it was probably not entitled to condemn a strip 20 feet in width across the right of way of the Great Western Company, but maintains that the court had jurisdiction to fix the proper and necessary width for a crossing. On the other hand,. counsel for the Great Western Company takes the position that Section 2020 of the Code gave appellant the right to a crossing without resort to condemnation proceedings, and argues that same was improper and unnecessary, and that no right of way over the property of the senior company could be obtained by condemnation proceedings. Section 2020 is as follows:

1. RAILROADS: junior company crossing track of senior company.

"Any such corporation may construct and carry its railway across, over or under any railway, canal or watercourse, when it may be necessary in the construction of the same, and in such cases it shall so construct its.crossings as not unnecessarily to impede the travel, transportation or navigation upon the railway, canal or stream so crossed. Said corporation shall be liable for the damages occasioned to any person injured by reason of said crossing."

It is the contention, however, of counsel for the Great Western Company that it was the duty of the Des Moines Company, in any event, to offer to and to interlock the crossing, and this whether the right to construct same is exercised under the statute, or acquired by proceedings under the law of eminent domain. In view of this contention of counsel, which practically concedes the absolute right of the Des Moines Company to a crossing, under the statute, we are relieved from the necessity of discussing the questions presented by the appeal of the Des Moines Company. We do not, however, hold that condemnation proceedings were not proper and necessary, and, upon this question, express no opinion. Whether the right of a junior company to cross the right of way of a senior company is absolute under the provisions of Section 2020, or resort must be had to condemnation proceedings, it is doubtless the law that the right acquired by the junior company is not an exclusive one, but must be exercised in common with the equal right of the senior company. *Appeal of Sharon R. Co.*, 122 Pa. 533 (17 Atl. 234); *National Docks R. Co. v. United N. J. R. & C. Co.*, 53 N. J. L. 217; *New Jersey So. R. Co. v. Long Branch Com.*, 39 N. J. L. 28; *Minneapolis W. R. Co. v. Minneapolis & St. L. R. Co.*, 61 Minn. 502 (63 N. W. 1035).

*2. RAILROADS: dismissal of condemnation proceedings.*

The right to the use of necessary space in crossing is clearly implied from the right to cross.

The judgment of the court below, canceling and annulling the condemnation proceedings, does not, however, affect the conceded right of the Des Moines Company, under the statute, to a crossing, by the installation of proper interlocking devices. The provisions of the Code, so far as material, are as follows:

*3. RAILROADS: interlocking crossings.*

"Section 2063. In case one railway company desires

to cross with its tracks those of another at grade, and such companies cannot agree to the terms thereof, the company desiring to cross shall, upon the application of the company whose track it is desired to cross, in a proceeding instituted as provided in the two preceding sections, be compelled to interlock such crossing, and the court therein shall make such orders and decree as may be required to secure public safety and the preservation of the properties of the roads, and prescribe the terms upon which such crossing shall be maintained after being made. * * *"

"Section 2061. In any case where the tracks of two or more railroads cross each other at a common grade, any company owning one of such tracks and desiring to unite with others in protecting the crossing with interlocking or other safety device, and being unable to agree with such others thereon, may file in the district court of the county in which the crossing is located a petition, stating the facts and asking the court to order such crossing to be protected by interlocking or other safety device. Said petition shall be accompanied by a plat showing the location of all tracks and switches, and upon the filing thereof notice shall be given by the petitioner to every other company or person owning or operating any track involved in such crossing. The court, or a judge thereof if the petition is filed in vacation, shall thereupon appoint a commissioner to examine into the necessity for such system, and report the facts and his recommendation in such time as the court or judge may direct, and, as soon as practicable thereafter, the court or judge shall appoint a time and place for the hearing of such petition. The proceedings shall be in equity, and subject to all the rules of equity practice, except that the court shall require the issues to be made up at the first term after the petition is filed, and give the proceeding precedence over other civil business and try the action thereat, if possible."

It does not appear from the record before us that the

cross-petition filed by appellant in the equity suit was pre-sented to a judge in vacation, or to the court in term time for the appointment of a commission-er, or that same was appointed and report made, as required by the above statute. It will be observed that Section 2063 requires the senior company to proceed in accordance with the pro-visions of Section 2061 if it desires the installation of in-terlocking devices at a proposed crossing of another rail-way company. The provisions of the statute requiring the appointment and report of a commissioner, who has ex-amined into the necessity for such system, is a part of the prescribed procedure in such cases, and must be followed. The court, therefore, rightly dismissed appellant's cross-pe-tition. The record does, however, disclose that the Great Western Company has at all times resisted the attempt of the Des Moines Company to cross its tracks at the place in question without interlocking, and we are disposed to hold that it may yet proceed by proper petition, under the pro-visions of Section 2063, and have the question whether an interlocking system should be ordered, the time within which it shall be done, and the terms upon which the cross-ing shall thereafter be maintained, tried and determined. It is true, as stated, that a crossing has already been con-structed, but this was done while the appeal from the con-demnation proceedings was pending, and should not fore-close the statutory right of the Great Western Company to a hearing as to the necessity of interlocking the crossing.

The conclusion here reached is in accordance with the concession and contention of counsel for the Great Western Company, and fully protects the rights of the Des Moines Company. In view of the conclusion announced, it is un-necessary for us to discuss numerous interesting questions elaborately and ably presented by counsel, further than to

*4. RAILROADS: interlocking crossing: adjudication.*

say that, in our opinion, the Des Moines Company acquired no right by the proceedings had before the board of railroad commissioners before the condemnation proceedings were begun. It follows that the judgment of the lower court upon both appeals must be, and is,—*Affirmed*.

PRESTON, C. J., WEAVER and GAYNOR, JJ., concur.